IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOHN LABEE                                                                                             PETITIONER
Reg #33179-034

v.                                          2:17cv00083-BRW-JJV

GENE BEASLEY, Warden                                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and   Statement of Necessity   to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Petitioner, John Labee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No.1), and a Petition for Writ of Habeas Corpus Supplement (Doc. No. 2), asking the Court to order the Bureau of Prisons ("BOP") to "process [his] halfway house application [and] appoint someone else other than Jarius Hawkins to process [his] halfway house application." (Doc. No. 1 at 5.)  Respondent counters that the Petition is barred by the doctrines of *res judicata* and collateral estoppel because of this Court's previous ruling and Petitioner is not entitled to relief on the merits.  (Doc. No. 6 at 3-7.)   For the reasons set forth below, I recommend the Petition be DISMISSED and the requested relief be DENIED.

## I.  *Res Judicata*/**Collateral Estoppel**

Mr. Labee previously sought habeas relief by arguing the BOP miscalculated the date on which he would be eligible for release to a Residential Reentry Center ("RRC") or home confinement. *Labee v. Beasley*, 2:17CV00026.   That petition was dismissed when the court determined the BOP had not abused its discretion regarding Mr. Labee's placement.  In dismissing the petition, the Court stated:

> There is nothing in the applicable statutes or case law that entitles Mr. Labee to RRC placement for a specific period of time, much less for the maximum twelve months. Warden Beasley was only required to individually consider Mr. Labee for RRC placement in a manner consistent with 18 U.S.C. § 3621(b). Although Mr. Labee was recommended for less than twelve months of RRC placement, it appears

>that the BOP's decision was based on its individual assessment consistent with the factors identified in 18 U.S.C. § 3621(b).

*Id.* at 5. Mr. Labee did not file a notice of appeal as to that judgment.

While Mr. Labee has now added a new twist by stating Jarvis Hawkins's involvement in this process places his liberty at risk, he still seeks the same relief. So I find Respondent's arguments as to *res judicata* and collateral estoppel to have merit and this Petition should be dismissed on that basis alone.

## II.     Residential Reentry Center Placement

The BOP is authorized - *by statute* - to designate where federal inmates are imprisoned, which may be "any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP]. . . that the [BOP] determines to be appropriate and suitable. . ." 18 U.S.C. § 3621(b). This statute requires the BOP to consider: 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the history and characteristics of the prisoner; 4) statements and recommendations from the sentencing court; and 5) any pertinent policy statements issued by the United States Sentencing Commission. *Id.*

Neither the statute nor case law entitles a prisoner to RRC placement. Title 18 U.S.C. § 3624 "only obligates the BOP to facilitate the prisoner's transition from the prison system." *Elwood v. Jeter,* 386 F.3d 842, 847 (8th Cir. 2004). The BOP is only required to individually consider a prisoner pursuant to the statutory factors set forth in § 3621(b) and to consider requests for RRC placement in "good faith." *Miller v. Whitehead,* 527 F.3d 752, 757-58 (8th Cir. 2008).

Here, Petitioner has provided no facts to support an allegation of bad faith on the part of BOP personnel. As pointed out by Respondent and previously noted by this Court in *Labee v. Beasley*, 2:17CV00026, Mr. Labee's original plan for supervised release was to go to Louisiana. The BOP considered this plan and approved it with 91-120 days of RRC placement. (Doc. No. 6-

2 at 7-8.)   Mr. Labee changed his mind and decided to live with his sister in Austin, Texas for his period of supervised release.  At the time of this Court's previous decision, BOP was still processing his new plan to live in Austin.  (*Id.* at 8.)  BOP has now completed its review and approved Mr. Labee to be supervised in Austin, with 151-180 days of RRC placement.  (Doc. No. 6-1 at 2, 14).  Given these facts, there is no evidence showing BOP officials acted at variance with their statutory or regulatory duties in recommending 151-180 days in a Residential Re-Entry Center.  BOP's placement decision was clearly within its discretion.

Moreover, I find no violation of Mr. Labee's constitutional rights.  The law is clear that a prisoner has no constitutional right to be placed in any particular correctional facility, even though the degree of confinement in one facility may be quite different from that in another.  *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano,* 427 U.S. 215, 224-25, 228 (1976).  Where Congress has given federal prison officials full discretion to control matters of housing, classification, and eligibility for rehabilitative programming, a federal prisoner can have no legitimate statutory or constitutional entitlement sufficient to invoke due process.  *Moody v. Daggett,* 429 U.S. 78, 88 (1976).  Accordingly, I find neither a statutory nor constitutional violation, so the Petition should be denied.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. Nos. 1, 2) be DISMISSED with prejudice.

DATED this 20th day of July, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE